JASON M. FRIERSON  
United States Attorney  
District of Nevada  
Nevada Bar No. 7709  

R. Thomas Colonna  
Assistant United States Attorney  
501 Las Vegas Blvd. South, Suite 1100  
Las Vegas, Nevada 89101  
Telephone: (702) 388-6552  
Email: Richard.Colonna@usdoj.gov  

*Attorneys for the United States of America*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NEIL ANDREW STICKNEY,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 2:23-cv-01827-JAD-BNW<br><br>**Proposed Stipulated Discovery Plan and Scheduling Order**<br><br>**(Special Scheduling Review Requested)** |

Under Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, Plaintiff Neil Andrew Stickney and Defendant United States of America, through their respective counsel, conducted a Rule 26(f) conference on January 25, 2024. After conferring on this matter, the parties submit the following Proposed Discovery Plan and Scheduling Order.

1. <u>Initial Disclosures</u>: The parties will serve initial disclosures by **February 8, 2024**, which is 14 days after Rule 26(f) conference.

2. <u>Close of Discover</u>: The discovery period is proposed 270 days from the date the parties held the Fed. R. Civ. P. 26(f) conference. The extended time for discovery is requested due to the following reasons: (1) This is a Federal Tort Claims Act case involving allegations of professional negligence (medical malpractice) by the U.S. Department of Veteran Affairs; (2) Plaintiff alleges he requested several referrals to colonoscopy from his Primary Care Provider (PCP) in his annual exams which were denied.  Subsequently,

Plaintiff's PCP finally consented, and a colonoscopy was performed showing colon cancer. Plaintiff further allege that the diagnosis could have been detected earlier; (3) Potential witnesses include healthcare providers who may no longer be employed by the U.S. Department of Veteran Affairs in Las Vegas, Nevada; (4) The parties anticipate needing additional time to work with those individuals to meet and to coordinate depositions; and (5) the parties anticipate the production of large volumes of medical records and the need for extensive expert witness discovery. For these reasons, the parties propose an extension of the discovery period to **October 15, 2024**[1], which is 270 days from the filing of Defendant's Answer.

3. <u>Modifications of Discovery Limits</u>: The parties believe that they can complete discovery without exceeding the standard limits for depositions and interrogatories.

4. <u>Amending the Pleadings and Adding Parties</u>: Any motion to amend the pleadings or add parties shall be filed by **July 17, 2024**, which is 90 days prior to the discovery cutoff.

5. <u>Expert Disclosures</u>: Expert disclosures shall be served **August 16, 2024**, which is 60 days prior to the discovery cutoff. Rebuttal expert disclosures shall be served by **September 15, 2024**, which is 30 days prior to the discovery cutoff.

6. <u>Dispositive Motions</u>: Dispositive motions, if any, shall be filed by **November 14, 2024**, which is 30 days after the discovery cutoff.

7. <u>Pretrial Order</u>: Joint Pretrial Order shall be filed by **December 16, 2024**[2], which is 30 days after the deadline for filing dispositive motions. However, if dispositive motions are filed, then the Joint Pretrial Order shall be due 30 days after the decision on such motion(s). Disclosures under Fed. R. Civ. P. 26(a)(3), and any, objections thereto, shall be included in the Joint Pretrial Order.

---

[1] October 12, 2024, is a Saturday, and October 14, 2024 is a legal holiday. Pursuant to Fed. R. Civ. P. 6(a)(2)(C), deadlines falling on a weekend or legal holiday "run until the next day that is not a Saturday, Sunday, or legal holiday."

[2] December 14, 2024, is a Saturday. Pursuant to Fed. R. Civ. P. 6(a)(2)(C), deadlines falling on a weekend or legal holiday "run until the next day that is not a Saturday, Sunday, or legal holiday."

8. <u>Electronic Discovery</u>: Plaintiff has indicated that they intend to seek electronic information, and in particular metadata, in this matter. Defendant anticipates that issues may arise as to the scope of information sought as well as the form in which Plaintiff seeks production. Defendant agrees to preserve existing electronic data and the parties will meet and confer on these issues as they arise during the course of discovery.

9. <u>Transfer and Exchange of Documents Between Parties</u>: The parties agree that Defendant may serve discovery using USAfx, a government-approved secure records transfer system used by the U.S. Attorney's Office for the District of Nevada.

10. <u>Inadvertent Disclosure</u>: Pursuant to Fed. R. Evid. 502(d) and (e), the parties both agree and request that entry of this order establish that inadvertent or mistaken production or disclosure of documents or other information subject to the attorney-client privilege, the work product doctrine, or other privilege shall not be deemed a waiver of a claim of privilege, either as to the specific information disclosed or as to any other related information for purposes of this or any other litigation. If a producing party inadvertently produces or otherwise discloses to a receiving party information that is subject to such privilege or immunity, the producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the inadvertently disclosed information be returned, stricken or otherwise appropriately handled to reverse the inadvertent disclosure. The receiving party shall return all copies of the inadvertently produced material within five business days of receipt of the request and otherwise cooperate to fulfill this agreement. Any notes or summaries referring or relating to any inadvertently produced privileged material shall be destroyed.

11. <u>Alternative Dispute Resolution</u>: The parties met and conferred regarding the possibility of using alternative dispute resolution processes, namely settlement conference, arbitration and mediation. The parties agree that alternative dispute resolution would not be effective at this time, but they are willing to revisit this issue after conducting discovery.

///

12. <u>Alternative Forms of Case Disposition</u>: The parties met and conferred regarding the use of a magistrate judge for all purposes or to submit to the Short Trial Program. The parties do not agree to have this matter heard by a magistrate judge at this time.

Respectfully submitted this 2nd day of February 2024.

| LAIRD LAW, PLLC | JASON M. FRIERSON<br>United States Attorney |
|---|---|
| */s/ Danial Laird*<br>DANIAL LAIRD, ESQ.<br>Nevada Bar No. 11831<br>4175 S. Riley Street, Suite 102<br>Las Vegas, Nevada 89147<br><br>*Attorneys for Plaintiff* | */s/ R. Thomas Colonna*<br>R. THOMAS COLONNA<br>Assistant United States Attorney<br><br>*Attorneys for United States of America* |

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** 2/5/2024